IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ADAM GRIFFEY, | ) | |
| Plaintiff | ) | Civil Action No. 07-1492 |
| vs. | ) | |
| DAVID COLECHIA, Attorney, | ) | Magistrate Judge Amy Reynolds Hay |
| Defendant | ) | |

## OPINION

HAY, Magistrate Judge

Adam Griffey ("Plaintiff"), at the time of filing this civil rights action, was a federal prisoner incarcerated in the United States Penitentiary at Big Sandy.[1] He seeks, under the Civil Rights Act, 42 U.S.C § 1983, to sue his defense attorney in a criminal case for actions taken by that attorney on November 19, 1999. Dkt. [5] at 2. Because he seeks to sue his defense attorney, under Section 1983 of the Civil Rights Act, and a defense attorney does not act under color of state law, the case is properly dismissed for failure to state a claim.

***Relevant Facts and Procedural History***

---

[1] In the interim, it appears that he has been transferred to several other facilities and is now located at USP Terre Haute, Indiana. Plaintiff has not informed the court of this change of address notwithstanding an Order of Court to do so. The court takes judicial notice of the fact of Plaintiff's current place of confinement as indicated on the BOP's website available at:

http://www.bop.gov/iloc2/InmateFinderServlet?Transaction=NameSearch&needingMoreList=false&LastName=Griffey&Middle=&FirstName=adam&Race=U&Sex=U&Age=&x=0&y=0

According to the complaint, Plaintiff's Sixth Amendment right to effective assistance of counsel was violated by Defendant Colecchia, Plaintiff's defense attorney. The complaint against Attorney Colecchia alleges inter alia:

> David Colecchia failed in his duties to file for [a] motion for psychic [sic] evaluation or motions to dismiss on the grounds I was arrested illegally. Mr. Colecchia never informed me of having the right to get a psychic [sic] eval. If he did he would have seen that I was previously locked up 90 days as a child for evaluation and through the courts had to have counseling in Monessen, Pa. Through CYS, Washington, Pa. He never asked nor told me this. Never filed motions to get one [i.e., a psychiatric evaluation] done. I'm now diagnosed [sic] ADHD – Bi-polar and Chronic paranoid schzoprhrenic [sic]. CinnCinn. Oh. Federal [authorities] did an eval. 2004.

Dkt. [5] at 2 to 3. Plaintiff also alleged that "defense counsel utterly failed to investigate any psychiatric basis for Adam Griffey's behavior." Dkt [5] at 4. Plaintiff also complained that Attorney Colecchia failed to investigate and/or adduce any evidence of mitigation for purposes of sentencing. Id., at 5. Lastly, Plaintiff also complains that Attorney Colecchia failed to file a motion to dismiss "on the grounds of my Fourth Amendment being violated." Id., at 8. Plaintiff alleges that the date on which Attorney Colecchia allegedly violated his Sixth Amendment rights was November 19, 1999, which the Court takes judicial notice of was the very date Plaintiff's guilty plea was accepted by the Westmoreland County Court of Common Pleas.[2] By way of relief, Plaintiff seeks to have Attorney Colecchia "pay for his misconduct and pay $13, 000,000.00 compensatory and punitive damages" Id. at 3, ¶ VI.

---

[2] The Court takes judicial notice of the dockets of the Westmoreland County Court of Common Pleas, which reveal the fact that Petitioner pleaded guilty to the charges on November 19, 1999 in the case of Commonwealth v. Adam Griffey, CP-65-CR-0003731-1999 (Westmoreland County CCP). The dockets of the case are available at

http://ujsportal.pacourts.us/PublicReporting/PublicReporting.aspx?rt=1&&ct=4&dkt=3024950&arch=0&ST=12/14/2007%209:15:12%20AM

Plaintiff was granted his request to proceed in forma pauperis, Dkt. [3] and the complaint was filed. Dkt. [5].[3] In accordance with the provisions of 28 U.S.C. § 636(c) and Federal Rule of Civil Procedure 73, Plaintiff consented to have a United States magistrate judge conduct all proceedings in this case, including the entry of a final judgment. See Dkt. [8].

*Applicable Legal Principles*

In the Prison Litigation Reform Act ("PLRA"), Pub. L. No. 104-134, 110 Stat. 1321 (1996), Congress adopted major changes affecting civil rights actions brought by prisoners in an effort to curb the increasing number of oftentimes frivolous and harassing law suits brought by persons in custody. See Santana v. United States, 98 F.3d 752, 755 (3d Cir. 1996). The PLRA significantly amended the statutory provisions with respect to actions brought by prisoners who are proceeding in forma pauperis. The amended version of the statute now reads that "[n]otwithstanding any filing fee, or any portion thereof, that may have been paid [by a prisoner granted IFP status], the court shall dismiss the case at any time if the court determines that– (A) the allegation of poverty is untrue; or (B) the action or appeal– (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2). Here, Plaintiff has been granted IFP status, Dkt. [6], and is a prisoner within the meaning of 28 U.S.C. § 1915.[4] Thus,

---

[3] The Court notes that Plaintiff filed a very similar civil rights complaint against Attorney Colecchia at Civil Action No. 07-1457. The main difference being that whereas the instant case focuses on Attorney Colecchia's conduct after the District Magistrate proceedings had concluded and Plaintiff was bound over for trial, the case in No. 07-1457 appears to focus on Attorney Colecchia's at the District Magistrate proceedings and before.

[4] The term prisoner as used in Section 1915 means "any person incarcerated or detained in any facility who is accused of, convicted of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms and conditions of parole, probation, pretrial release, or diversionary program." 28 U.S.C. § 1915(h).

Section 1915(e)(2) is applicable herein. Moreover, not only is a court permitted to sua sponte dismiss a complaint which fails to state a claim, but it is required to do so by the mandatory language of "the court shall dismiss" utilized by Section 1915(e). See, e.g., Keener v. Pennsylvania Board of Probation and Parole, 128 F.3d 143, 145 n.2 (3d Cir. 1997) (describing 28 U.S.C. § 1915(e)(2)(B) as "the PLRA provision mandating sua sponte dismissal of in forma pauperis actions that are frivolous or fail to state a claim."); Lopez v. Smith, 203 F.3d 1122, 1127 (9th Cir. 2000)("It is also clear that section 1915(e) not only permits but requires a district court to dismiss an in forma pauperis complaint that fails to state a claim.").

In performing a court's mandated function of sua sponte reviewing complaints under 28 U.S.C. § 1915(e) to determine if they fail to state a claim upon which relief can be granted, a federal district court applies the same standard applied to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6). See, e.g., Powell v. Hoover, 956 F. Supp. 564, 568 (M.D. Pa. 1997) (applying Rule 12(b)(6) standard to claim dismissed under 28 U.S.C. § 1915(e)(2)(B)(ii)); Tucker v. Angelone, 954 F. Supp. 134, 135 (E.D. Va.) ("Under 28 U.S.C. §§ 1915A, 1915(e) and 42 U.S.C. § 1997e(c) the courts are directed to dismiss any claims made by inmates that 'fail to state a claim upon which relief could be granted'. This is the familiar standard for a motion to dismiss under Fed.R.Civ.P. 12(b)(6)."), aff'd, 116 F.3d 473 (Table) (4th Cir. 1997).

In reviewing a motion to dismiss under Rule 12(b)(6), all well pleaded allegations of the complaint must be accepted as true and viewed in a light most favorable to the non-movant. Brader v. Allegheny General Hospital, 64 F.3d 869, 873 (3d Cir. 1995); Scrob v. Patterson, 948 F.2d 1402, 1405 (3d Cir. 1991). Although the plaintiff need not provide detailed factual allegations to support the claims set forth in the complaint, "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a

4

formulaic recitation of the elements of a cause of action will not do." Bell Atlantic v. Twombly, ___ U.S. ___, ___, 127 S. Ct. 1955, 1964-65 (2007), quoting Conley v. Gibson, 355 U.S. 41, 47 (1957). See Fed. R. Civ. P. 8(a)(2). Rather, a plaintiff must provide "enough facts to state a claim to relief that is plausible on its face" so as "to raise a right to relief above the speculative level." Id. at 1965, 1974. See 5 C. Wright & A. Miller, Federal Practice and Procedure § 1216, pp. 235-36 (3d ed. 2004) ("[T]he pleading must contain something more ... than ... a statement of facts that merely creates a suspicion [of] a legally cognizable right of action"). The issue, however, is not whether the plaintiff will prevail in the end but only whether he should be entitled to offer evidence in support of his claim. Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).

Because under Rule 12(b)(6), courts may consider, in addition to the complaint, matters of public record and other matters of which a court may take judicial notice, Oshiver v. Levin, Fishbein, Sedran & Berman, 38 F.3d 1380, 1385 n.2 (3d Cir. 1994), and because the standards for dismissal for failing to state a claim under 28 U.S.C. § 1915(e) are the same as under a 12(b)(6) motion, the court may, in performing its screening under 28 U.S.C. § 1915(e), consider matters of which it may take judicial notice. See, e.g., Lloyd v. United States, No. 99 C 3347, 1999 WL 759375, at *1 (N.D. Ill. Sept. 3, 1999) ("As the court may take judicial notice of public records without converting a motion to dismiss to a motion for summary judgment, Henson v. CSC Credit Services, 29 F.3d 280, 284 (7th Cir. 1994), the court will take judicial notice of court records in conducting its initial review under § 1915A.").

Furthermore, because Plaintiff is pro se, courts accord an even more liberal reading of the complaint, employing less stringent standards when considering pro se pleadings than when judging the work product of an attorney. Haines v. Kerner, 404 U.S. 519 (1972).

***Discussion***

Plaintiff does not specifically mention the Civil Rights Act, 42 U.S.C. § 1983, however, because he is apparently seeking to vindicate his constitutional rights and he does not have a cause of action directly under the Constitution, a liberal reading of the complaint requires the court to construe his complaint as one invoking the court's jurisdiction pursuant to 42 U.S.C. § 1983. See, e.g., Arpin v. Santa Clara Valley Transp. Agency, 261 F.3d 912, 925 (9th Cir. 2001) ("a litigant complaining of a violation of a constitutional right does not have a direct cause of action under the United States Constitution but must utilize 42 U.S.C. § 1983."); Pauk v. Board of Trustees of City University of New York, 654 F.2d 856 (2d Cir. 1981)(where a federal statute governing civil action for deprivation of rights provides a remedy, i.e., 42 U.S.C. § 1983, an implied cause of action grounded on Constitution is not available), overruling on other grounds as recognized in, Brandman v. North Shore Guidance Center, 636 F.Supp. 877, 879 (E.D.N.Y. 1986).

In order to establish a Section 1983 cause of action, a plaintiff must allege: (1) that there was a person acting under color of state law; (2) whose actions under color of state law caused him to be deprived of rights, privileges, or immunities secured by the Constitution or laws of the United States. West v. Atkins, 487 U.S. 42 (1988).

Even reading Plaintiff's complaint liberally, the complaint fails to state a claim against Attorney Colecchia, because the acts of a criminal defendant's attorney are not acts committed under color of state law as is required to state a claim under Section 1983. See, e.g., Polk County v. Dodson, 454 U.S. 312 (1981); Henderson v. Fisher, 631 F.2d 1115, 1119 (3d Cir. 1980).

In Polk County, a convict sued his public-defender-appellate counsel who moved to withdraw as appellate counsel because the public defender concluded that an appeal would be frivolous. The convict sued the public defender under Section 1983, claiming that her actions in moving to withdraw violated his right to counsel and, in failing to zealously advocate on his

6

behalf, subjected him to cruel and unusual punishment and denied him due process of law. Id. at 315. Noting that to sustain a Section 1983 cause of action, it is necessary that the complaint reveal that the defendant acted under color of state law, the court held that "a public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding. Because it was based on such activities, the complaint against Shepard [the public defender] must be dismissed." Id. at 325.

Likewise here, the complaint reveals liability premised only upon Defendant Colecchia's actions or inactions in connection with his performing a lawyer's traditional functions as counsel to the criminal defendant. Reading the complaint liberally, it appears that Plaintiff complains of both acts and omissions by Defendant Colecchia in the course of Colecchia's acting as Plaintiff's defense attorney. Nevertheless both a defense attorney's actions and failures to act in the course of representing a criminal defendant fall within Polk County's ambit of "performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding" and, thus, are not accomplished "under color of state law." See, e.g., Smith v. Haith, 978 F.2d 1261 (Table), 1992 WL 311787, at *5 (7th Cir. 1992)("This principle [i.e., public defenders are not state actors] was applied in *Cornes v. Munoz*, 724 F.2d 61 (7th Cir. 1983), where a claim that a public defender was guilty of legal malpractice because of the failure to include certain claims on appeal was dismissed for failure to allege action 'under color of state law.'"). Indeed, even accusations of malfeasance[5] in the course of representing a criminal defendant, are not enough to render the actions of a criminal defendant's attorney cognizable in a Section 1983 suit. See e.g., Ponchik v. Kloak, No. 89 C 7319, 1989 WL 134683, at *1 (N.D. Ill. Oct. 19, 1989)("Consequently

---

[5] Malfeasance is defined as "Evil doing, ill conduct. The commission of some act which is positively unlawful; the doing of an act which is wholly wrongful and unlawful. . . ." Black's Law Dictionary 862 (5th ed. 1979).

[plaintiff-] Ponchik's allegations of malfeasance on [Attorney] Kloak's part do not give rise to a claim cognizable under this Court's federal-question jurisdiction."). Because the complaint fails to allege a cause of action under Section 1983 against Attorney Colecchia, the complaint is properly dismissed.[6] An appropriate Order follows.

/s/ Amy Reynolds Hay
United States Magistrate Judge

Dated: 28 January, 2008

cc: Adam Griffey
06869-068
USP Terre Haute
P.O. Box 33
Terre Haute, IN 47808

---

[6] The complaint does not allege whether Attorney Colecchia is a public defender or a court-appointed attorney (other than from the public defender's office) or is privately retained. This omission does not matter because a criminal defense attorney does not act under color of state law irrespective of whether he is a public defender, a court appointed private attorney or a privately retained attorney. See, e.g., Ward v. Ghee, 8 F.3d 823 (Table), 1993 WL 410357, at *1 (4th Cir. 1993)("Defense attorneys do not act "under color of" state law and are, therefore, not amenable to suit under § 1983, whether privately retained, *Deas v. Potts*, 547 F.2d 800 (4th Cir. 1976), appointed by the state, *Hall v. Quillen*, 631 F.2d 1154, 1155-56 (4th Cir. 1980), *cert. denied*, 454 U.S. 1141 (1982), or employed as public defenders, *Polk County v. Dodson*, 454 U.S. 312, 325 (1981)."). The court takes judicial note of the fact that the Westmoreland County dockets in Plaintiff's case describes Attorney Colecchia as "court appointed." The Court takes this to mean that Attorney Colecchia was a private attorney appointed by the court to represent Plaintiff and not a public defender but again, it matters not for disposing of this case.